The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335
Dear Representative Flanagin:
This is in response to your request for an opinion regarding the following questions:
 1. May regional solid waste management boards enter into contracts for the disposal of used tires or other solid wastes without taking competitive bids or are they required to follow established bid procedures before entering into or awarding such contracts?
 2. Do regional solid waste management boards have the authority to enter into contracts for the disposal of used tires or other solid wastes for periods in excess of two years?
 3. If a regional solid waste management board can legally enter into a long term contract for the disposal of used tires or other wastes, would there be any liability on the part of the state or any political subdivision of the state if the regional solid waste management district should default on the contract?
It should be initially noted that your first two questions were addressed with respect to state procurement statutes in Op. Att'y. Gen. 91-442, a copy of which is enclosed.
Specifically, in response to your first question, that opinion concluded that solid waste management districts are required to comply with the bid procedures set forth in the Arkansas Purchasing Law in the contracting for goods and services.
It is also my opinion that the regional solid waste management boards, however, would likely not be required to follow bid procedures applicable to counties (A.C.A. §§ 14-22-101—115) or those applicable to cities (A.C.A. §§ 14-47-138, 14-48-129,14-58-303). Although the boards may be comprised of representatives of the counties or cities within the regional districts, where those individuals are acting only as representatives of the boards and not of the counties or cities, and where only board revenues, rather than revenues of the county or city, are committed to the contract, then the bidding requirements for counties and cities would in all likelihood not be considered applicable to the regional boards.
With regard to your second question, it was concluded in Opinion91-442 that while solid waste management districts are apparently not restricted in their ability to enter into valid long-term contracts by the Solid Waste Management Act, because they are considered "state agencies" for purposes of the Arkansas Purchasing Law, they would likely be bound by its provision which disallows contracts in excess of five years. See A.C.A. §19-11-238(a). Additionally, the boards of the regional districts may also be restricted in their contracting abilities in some instances by the prohibitions set out in Article 12, § 4 of the Arkansas Constitution. See Op. Att'y. Gen. 91-442, at 5-7.
It is my opinion in response to your third question that it is unlikely that the state would be held liable for the default of a district on its contractual obligations. The issue of whether any political subdivision could be held liable must, however, be determined on a case-by-case basis.
I cannot discern a basis upon which liability on the part of the state would be premised where a solid waste management district defaults on its contractual obligations. Art. 5, § 20 of the Arkansas Constitution provides that the State of Arkansas shall never be made defendant in any of her courts. Actions for breach of contract against the state have been held to be suits which fall within this constitutional prohibition. See Caldwell v.Donaghey, 108 Ark. 60, 156 S.W. 839 (1913). Reference should also be made to Art. 12, § 12 of the Arkansas Constitution, which states:
 Except as herein otherwise provided, the state shall never assume or pay the debt or liability of any county, town, city, or other corporation whatever, or any part thereof, unless such debt or liability shall have been created to repel invasion, suppress insurrection or to provide for the public welfare and defense. . . .
While it is not clear whether this provision would be applicable to regional solid waste management districts, there is ample room for argument that the provision exempting the state from liability for the debts of any county, town, city, "or any part thereof," could reasonably be construed to include within its purview such regional districts.
It is thus my opinion that the state would, in all likelihood, not be held liable for the default of any contractual obligations on the part of any regional solid waste management district.[1]
With regard to your question concerning the liability of any political subdivision of the state in the event of a districts default, it is my opinion that this determination as to liability would depend upon the specific provisions of the contract. Where local governmental entities avail themselves of the option to create a regional solid waste management district by interlocal agreement or under the Joint County and Municipal Solid Waste Disposal Act pursuant to A.C.A. § 8-6-723 (Cum. Supp. 1991), then those local entities might incur liability for breaches of contracts they have entered into. While our research yields no other general provision of law which would place liability for a district's breach of contract upon any political subdivision of the state, it would be advisable for the signatories to consult with their local counsel regarding potential issues of liability in anticipation of a potential breach of the contract. The fact-determinative nature of this question thus requires that it be addressed on a case-by-case basis.
Sincerely,
WINSTON BRYANT Attorney General
RG/WB:ch
Enclosure
[1] Arkansas Code Annotated §§ 19-10-101—406 provide that the proper mechanism for enforcing claims against the state based upon a contract is in proceedings before the Arkansas State Claims Commission.